STATE OF IOWA, Appellee, v. GUST KILLGREN, Appellant.

CRIMINAL LAW: Trial—First Objection on Appeal. Objection to
1  part of an opening statement cannot be made for the first time on appeal.

CRIMINAL LAW: Trial—Remarks of Counsel—Failure to Prove
2  Claims Made in Opening Statement. Failure of the State to prove the claim made in good faith by the county attorney in his opening statement to the jury, that the State expected to prove that the defendant had in his possession liquor, a few days before the sale for which he was on trial, did not constitute reversible error.

**WITNESSES:** Corroboration — Evidence. Where a witness tes-
tified that a bottle of liquor which he purchased from defendant
had been drunk by himself and another person, testimony of
the other person that, on that day, he drank with the purchaser,
who appeared to be intoxicated, whisky from a bottle, was ad-
missible, as corroborating the purchaser in his statement that
he had purchased the whisky, and also as showing that the con-
tents of the bottle were intoxicating.

*Appeal from Winneshiek District Court.*—W. J. SPRINGER, Judge.

MARCH 18, 1919.

THE defendant was charged with selling intoxicating liquors, was convicted, and appeals.—*Affirmed.*

*E. R. Acres,* for appellant.

*H. M. Havner,* Attorney General, for appellee.

GAYNOR, J.—The defendant was indicted and convicted of the crime of selling intoxicating liquors in violation of law, and appeals. He bases his right to a reversal upon two grounds:

1. CRIMINAL LAW: trial: first objection on appeal.

First, that the county attorney, in his opening statement to the jury, said, in substance, and among other things:

"I believe we will be permitted to show that this defendant procured, just prior to that time, or a few days prior to it, consignments of whisky, and that those consignments of whisky were delivered to him at the express office just across the line in Prosper, Minnesota."

No evidence was offered by the State to sustain this statement, and it is claimed that the statement was prejudicial to the rights of the defendant. The trouble, however, with defendant's contention is that no objection was made and no exceptions taken to it at the time; and, although plaintiff filed a motion for a new trial, no reference

was made to this statement, nor was the conduct of the
county attorney called to the attention of the court in any
way, or at any time, and the court was not asked to pass up-
on it.   Complaint is made for the first time in this court,
and it is not available to the defendant now, nor do we
find reversible error in the statement itself.   So far as this
record shows, the county attorney in good
faith believed that such fact was true, and,
if true, it was competent to be shown, as
sustaining the charge that defendant sold
intoxicating liquors.   A sale involves a part-
ing with the title and possession of the thing
to another.   This statement was to the effect that, a few days
prior to the time when it is charged the sale was made, de-
fendant had whisky in his possession, and that consign-
ments of whisky were delivered to him at the express of-
fice.   This would tend to support and confirm any evidence
offered by the State that sales were actually made.   The
failure of the State to prove all its claims does not make the
claim ground for reversal.

2. CRIMINAL LAW: trial: remarks of counsel: failure to prove claims made in opening statement.

It is next contended that the court permitted improper
evidence to be introduced upon the trial, over defendant's
objection.

3. WITNESSES: corroboration: evidence.

J. B. Kingsley was called, on behalf of
the State, and testified that he purchased a
quart of whisky in a round bottle from the
defendant, and paid him $3.00 for it.   He
was then asked the question, "Now, did anybody drink any
portion of your whisky?"   He answered: "Jack Keefe.   I
drank some of it."   Thereupon, Jack Keefe was called, and,
over the objection of the defendant, was permitted to say
that, on the day on which it is claimed and on which the
evidence tends to show the liquor was purchased, he was
with the prosecuting witness, J. B. Kingsley; that Kings-
ley had a bottle of whisky with him; that he appeared to

be under the influence of intoxicating liquor; that he (the witness) drank some of it; and that, in his opinion, it was whisky.

This was a circumstance tending to corroborate the witness Kingsley that he purchased a bottle ' of whisky. This proof tended to show that, right after the time he claims to have purchased liquor from the defendant, he was seen with a bottle of whisky in his possession. It further tended to show that the contents of the bottle were intoxicating, and for that purpose was competent.

It is further claimed that the evidence does not support the verdict. There was positive testimony that the defendant had sold liquor to Kingsley, as charged. We think the evidence amply supports the verdict.

Since we find no reversible error in the case, the cause is—*Affirmed*.

LADD, C. J., PRESTON and STEVENS, JJ., concur.